## Wickliffe *vs* Wilson *et al.*

Error to the Pendleton Circuit.

Champerty.    Conveyances.

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

EJECTMENT.

Case 20.

September 23.

The occasional cutting of fuel on an uninclosed piece of land, not connected by title or boundary with any actual improvement, residence or other ostensible occupancy, is not alone sufficient to render a conveyance thereof champertous under the statute of 1824, especially where there is no proof that the vendee had any knowledge that the land was ever used adversely.

As hitherto virtually decided in the cases of *Scott* vs *Moss*, 2 *Dana*, 275, and *Cardwell* vs *Sprigg's heirs*, 7 *Ib.* 42, the occasional cutting of wood for fuel, on an uninclosed and unimproved tract of land, not connected by title or boundary with any actual improvement, residence, or other ostensible occupancy, is not *alone* sufficient to avoid, as champertous under the statute of 1824, a sale and conveyance thereof by an adversary claimant, to a stranger, during such use. There being, in this case, no other evidence of occupancy, adverse to *Wilson*, than that just described, we are of the opinion that the Circuit Court erred in instructing the jury that they might find his deed to *Wickliffe*, in 1827, to have been champertous; and the jury, of course, had no right to find, as they did, that this deed was void in consequence of an adverse possession of the land at the date of it, especially as there is no evidence that Wickliffe knew that the *land* was even *used adversely* to his vendor.

The judgment of the Circuit Court is, therefore, reversed and the cause remanded for a new trial.

*Morehead & Reed* for plaintiff; *Owsley* for defendants.